6-063815                                  EBR/PAR/kk                                  #25017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LISA ZAWACKI | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Federal No. |
| | ) |
| v. | ) Circuit Case No. 08 L 149 |
| | ) |
| JOHN DOE, Individually, and as an Agent For | ) **FILED: MARCH 26, 2008** |
| ALLIED HOLDINGS, INC. and ALLIED | ) **08CV1752 NF** |
| HOLDINGS, INC. d/b/a ALLIED HOLDINGS, | ) **JUDGE ANDERSEN** |
| GROUP d/b/a ALLIED SYSTEMS d/b/a | ) **MAGISTRATE JUDGE COLE** |
| ALLIED SYSTEMS HOLDINGS INC. d/b/a | ) |
| ALLIED SYSTEMS GROUP INC. d/b/a | ) |
| ALLIED SYSTEMS INC. OF GEORGIA | ) |
| | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendant, ALLIED HOLDINGS, INC. (herein after referred to as "ALLIED") hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 from the Circuit Court of Lake County, Illinois, Nineteenth Circuit to the United States District Court for the Northern District of Illinois and respectfully state the following:

### I. BACKGROUND

1.   On February 20, 2008, Plaintiff, LISA ZAWACKI, filed a Complaint against ALLIED in the Circuit Court of Cook County, Illinois, alleging that Plaintiff sustained injuries to her head, neck, back, and other parts of her body as a result of an injury caused by a traffic incident on February 22, 2006. (See Complaint attached hereto as Exhibit "A.").

2.   This state court action was assigned Case No. 08 L 149. Pursuant to 28 U.S.C. §

are attached hereto as Exhibits "A" & "B."

3. On February 25, 2008, the Defendant was served a copy of the Summons and the Complaint. Pursuant to 28 U.S.C. § 14 41, this Notice of Removal is timely filed, as it was filed within thirty days (30) of the Defendant being served with a copy of the Summons and the Complaint.

4. As more fully set forth below, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441, because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different States.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION

**A.  The Amount in Controversy Requirement Exceeds $75,000.**

5. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Plaintiff alleges that the Plaintiff, LISA ZAWACKI, sustained injuries to head, neck, back, and other parts of her body. Plaintiff also alleges that she suffered from migraines and seizures and endured and will continue to endure pain and suffering. See Exhibit "A." Nowhere in the Complaint does Plaintiff limit the amount in controversy to less than $75,000. Plaintiff's Rule 222(b) affidavit also states that the damages sought are greater than fifty thousand dollars ($50,000). See Exhibit "A."

6. It is well settled that the sum claimed by the proponent of federal jurisdiction controls if the claim is made in good faith and there is a reasonably probability that the amount in controversy is sufficient. Meridian Security Ins. Co. v. Sadowski, 441 F.3d 536, 541 (7th Cir. 2006). To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount. Meridian Security Ins. Co., 441 F.3d at 541.

7. Based on the allegations in Plaintiff's Complaint and in her Rule 222 affidavit, the

Defendant has met its burden of showing a reasonable probability that the amount in controversy exceeds $75,000, exclusive of costs and interest, meeting the jurisdictional amount.

**B.    Complete Diversity of Citizenship Exists.**

8. There is complete diversity of citizenship between Plaintiff and the Defendant in this action.

9. Upon information and belief, Plaintiff, LISA ZAWACKI, is a citizen of the State of Illinois. Plaintiff's Complaint alleges that the Plaintiff was driving in Illinois on the date of the alleged incident. Nowhere in the Plaintiff's Complaint does Plaintiff allege that Plaintiff was a citizen of any State other than Illinois. Thus, the Plaintiff is deemed to be a citizen of the State of Illinois.

10. The Defendant at the time Plaintiff commenced this action was a citizen of the States of Delaware and Georgia. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1) (West 2000). The Defendant is and was at the time Plaintiff commenced this action a corporation organized under the laws of the State of Delaware. Additionally, the Defendant's principal place of business is located in the State of Georgia. Thus, the Defendant is deemed a citizen of the States of Georgia and Delaware for diversity purposes.

11. This case should be removed to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1332 and 1441, because (1) the Plaintiff is a citizen of the State of Illinois; (2) the Defendant is a citizen of the States of Georgia and Delaware; and (3) the amount in controversy exceeds $75,000, exclusive of costs and interest.

### III.  PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

12. This Notice of Removal is timely according to 28 U.S.C. § 1446(b).

13.     The Defendant, in good faith, believes that the amount in controversy exceeds $75,000, exclusive of costs and complete diversity of citizenship exists.

14.     The United States District Court for the Northern District of Illinois embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Northern District of Illinois pursuant to 28 U.S.C. § 93(a)(1).

15.     Pursuant to 28 U.S.C. §1446(d), the Defendant is filing written notice of this removal to all adverse parties and will file a copy of the notice with the clerk of the State court in which this action is currently pending.

WHEREFORE, the Defendant, ALLIED, respectfully moves this action from the Circuit Court of Lake County, Nineteenth Circuit to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. 28 U.S.C. §§ 1332, 1441 and 1446.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED

By:/s/Paul A. Ruscheinski
One of the Attorneys for
Allied Holdings, Inc.
Edward B. Ruff, III, Esq. ARDC # 618332
Paul A. Ruscheinski, Esq. ARDC # 6279731
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(312) 346-1973

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 19TH JUDICAL CIRCUIT
COUNTY OF LAKE

LISA ZAWACKI, )
 )
 Plaintiff, )
 )
 v )  No.: 08 L 149
 )
JOHN DOE, Individually, and as an Agent For )
ALLIED HOLDINGS, INC. and ALLIED )
HOLDINGS, INC. d/b/a ALLIED HOLDINGS )
GROUP d/b/a ALLIED SYSTEMS d/b/a )
ALLIED SYSTEMS HOLDINGS, INC. d/b/a )
ALLIED SYSTEMS GROUP, INC. d/b/a ALLIED )
SYSTEMS, INC. OF GEORGIA, )
 )
 Defendants. )

## COMPLAINT

Count I

NOW COMES the Plaintiff, LISA ZAWACKI, by her attorneys, HUPY & ABRAHAM, and for Count I of her Complaint against the Defendant, JOHN DOE, states as follows:

1. That the events complained of took place on or about February 22, 2006, in Lake County, Illinois.

2. At the time of the occurrence, Plaintiff resided in Milwaukee, Wisconsin.

3. Plaintiff, LISA ZAWACKI, was traveling northbound on I-94 at mile post 77, in the Township of New Port, located in Lake County, Illinois, when she was struck by a vehicle owned by Defendant, ALLIED HOLDINGS, INC.

4. That Police were unable to ascertain the identity of the driver of the aforementioned vehicle, hereinafter the driver will be referred to as "JOHN DOE".

1

5. Defendant, JOHN DOE, was also traveling northbound on I-94 at mile post 77, in the Township of New Port, located in Lake County, Illinois, when he entered the Plaintiff's lane and struck the Plaintiff.

6. Upon information and belief, Defendant was driving in the course and scope of his employment with ALLIED HOLDINGS, INC. at the time of the accident.

7. Notwithstanding his duty to keep a proper lookout for other vehicles traveling on the roadway, Defendant struck the Plaintiff's vehicle.

8. In colliding with the Plaintiff's automobile, Defendant was guilty of one or more of the following negligent acts or omissions:

a) Failed to decrease the speed of his automobile as necessary to avoid colliding with a vehicle on said roadway, in violation of Sec. 11-601 of the Illinois Vehicle Code, 625 ILCS 5/11-601.

b) Carelessly and recklessly operated said vehicle in a manner which caused a motor vehicle accident causing great bodily harm in violation of 625 ILCS 5/11-503.

c) Failed to decrease the speed of said automobile so as to avoid colliding with Plaintiff's automobile.

d) Failed to keep a proper lookout ahead for vehicles.

e) Failed to keep his automobile under safe and proper control.

f) Failed to assure that the roadway was clear before changing lanes and striking the Plaintiff.

g) Was otherwise careless and negligent.

9. As a proximate result of one or more of the acts of negligence of the Defendant, Plaintiff was injured.

10. Plaintiff, LISA ZAWACKI, suffered injuries to her head, neck, back and other parts of her body. Plaintiff has suffered from migraines and seizures. Plaintiff has endured pain and suffering in the past and will have pain and suffering in the future; Plaintiff has incurred and will incur medical expenses, all as a result of the injuries received.

WHEREFORE, Plaintiff, LISA ZAWACKI, prays for a judgment against the Defendant, JOHN DOE, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of suit.

### Count II

NOW COMES the Plaintiff, LISA ZAWACKI, by her attorneys, HUPY & ABRAHAM, and for Count II of her Complaint against the Defendant, ALLIED HOLDINGS, INC. d/b/a ALLIED HOLDINGS GROUP, INC. d/b/a ALLIED SYSTEMS d/b/a ALLIED SYSTEMS HOLDINGS, INC. d/b/a ALLIED SYSTEMS GROUP d/b/a ALLIED SYSTEMS, INC. OF GEORGIA, states as follows:

1. That the events complained of took place on or about February 22, 2006, in Lake County, Illinois.

2. At the time of the occurrence, Plaintiff resided in Milwaukee, Wisconsin.

3. Plaintiff, LISA ZAWACKI, was traveling northbound on I-94 at mile post 77, in the Township of New Port, located in Lake County, Illinois, when she was struck by a vehicle owned by Defendant, ALLIED HOLDINGS, INC.

4. That Police were unable to ascertain the identity of the driver of the aforementioned vehicle, hereinafter the driver will be referred to as "JOHN DOE"..

3

5. Defendant, JOHN DOE, was also traveling northbound on I-94 at mile post 77, in the Township of New Port, located in Lake County, Illinois, when he entered the Plaintiff's lane and struck the Plaintiff.

6. Upon information and belief, John Doe was driving in the course and scope of his employment with Defendant, ALLIED HOLDINGS, INC., at the time of the accident.

7. Notwithstanding his duty to keep a proper lookout for other vehicles traveling on the roadway, Defendant struck the Plaintiff's vehicle.

8. In colliding with the Plaintiff's automobile, Defendant was guilty of one or more of the following negligent acts or omissions:

a) Failed to decrease the speed of his automobile as necessary to avoid colliding with a vehicle on said roadway, in violation of Sec. 11-601 of the Illinois Vehicle Code, 625 ILCS 5/11-601.

b) Carelessly and recklessly operated said vehicle in a manner which caused a motor vehicle accident causing great bodily harm in violation of 625 ILCS 5/11-503.

c) Failed to decrease the speed of said automobile so as to avoid colliding with Plaintiff's automobile.

d) Failed to keep a proper lookout ahead for vehicles.

e) Failed to keep his automobile under safe and proper control.

f) Failed to assure that the roadway was clear before changing lanes and striking the Plaintiff.

g) Was otherwise careless and negligent.

9. As a proximate result of one or more of the acts of negligence of the Defendant, Plaintiff was injured.

10  Plaintiff, LISA ZAWACKI, suffered injuries to her head, neck, back and other parts of her body. Plaintiff has suffered from migraines and seizures. Plaintiff has endured pain and suffering in the past and will have pain and suffering in the future; Plaintiff has incurred and will incur medical expenses, all as a result of the injuries received.

WHEREFORE, Plaintiff, LISA ZAWACKI, prays for a judgment against the Defendant, ALLIED HOLDINGS, INC. d/b/a ALLIED HOLDINGS GROUP d/b/a ALLIED SYSTEMS d/b/a ALLIED SYSTEMS HOLDINGS, INC. d/b/a ALLIED SYSTEMS GROUP, INC. d/b/a ALLIED SYSTEMS, INC. OF GEORGIA, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of suit.

LISA ZAWACKI, Plaintiff.

By: _____
Pete E. Naylor
HUPY & ABRAHAM
ATTY# 6286944

Pete E. Naylor
Attorney for Plaintiff
501 North Riverside Drive, Suite 101
Gurnee, IL 60031
(866) 625-2299
(847) 625-6318 (fax)

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
COUNTY OF LAKE

LISA ZAWACKI, )
              Plaintiff, )
                     v. ) Case No.: 08 L 149
JOHN DOE, Individually, and as an Agent For )
ALLIED HOLDINGS, INC. and ALLIED )
HOLDINGS, INC. d/b/a ALLIED HOLDINGS )
GROUP d/b/a ALLIED SYSTEMS d/b/a )
ALLIED SYSTEMS HOLDINGS, INC. d/b/a )
ALLIED SYSTEMS GROUP, INC. d/b/a ALLIED )
SYSTEMS, INC. OF GEORGIA, )
              Defendants. )

## NOTICE OF SERVICE OF PROCESS ON NON-RESIDENT

The undersigned certifies that on February 25, 2008, he effected service upon the Defendant, ALLIED SYSTEMS, et al., a non-resident of Illinois, by filing and service through the Illinois Secretary of State, in compliance with the provisions of Section 10.301 of the Illinois Vehicle Code.

The undersigned further certifies that she has mailed, by Registered Mail, return receipt requested, copies of the attached proof of service of the Office of the Secretary of State, Affidavit of Compliance, Alias Summons and Complaint, along with this notice to the Defendant, ALLIED SYSTEMS, et al., at their last know address 25 Southside Industrial Parkway SE, Atlanta, GA 30354-2972, and to the insurance carrier for ALLED SYSTEMS, et al., Claims Management Services, 360 Market Place, Roswell, GA 30075-3928, on this 25th day of February 2008.

_____
Pete E. Naylor
HUPY & ABRAHAM
ATTY #: 6286944



## Affidavit of Compliance for Service of Process on Non-resident

To effect service: please serve the Office of the Secretary of State with 2 copies of the summons, 1 copy of the complaint, and a fully executed Affidavit of Compliance. Fee: $5.

Pursuant to Section 10-301 of the Illinois Vehicle Code (Chapter 625, Section 5/10-301, Illinois Compiled Statutes, Service of Process on Non-resident), the undersigned states that:

1. I am (plaintiff/attorney for plaintiff) in the following named case:

    LISA ZAWACKI vs. ALLIED SYSTEMS, et al. No. 08 L 149

2. This cause of action arises from the use and operation, by the defendant to be served or his duly authorized agent or employee, of a vehicle over or upon the highways of the State of Illinois, which resulted in damage or loss to the person or property of (the undersigned/client of the undersigned). (Strike inapplicable term.)

3. The defendant to be served through the Secretary of State falls under one of the following (check appropriate box)

    a) [ ] At the time of the accident, the defendant was and remains a non-resident of this state, or

    b) [ ] Was a resident of this state at the time the cause of action arose but has subsequently become a non-resident of this state, or

    c) [X] At the time the cause of action arose, the vehicle was owned by a non-resident and was being operated over and upon the highways of this state with the owner's express or implied permission.

4. The undersigned makes this affidavit for the purpose of inducing the Secretary of State to accept service of process on behalf of the named defendant herein according to the provisions of Section 10-301 of the Illinois Vehicle Code. These provisions are applicable to the instant proceeding. The undersigned has complied with and will continue to comply with all of the requirements of said Section. Further, these provisions require notice of such service and a copy of the process to be sent by registered mail within 10 days by the plaintiff to the defendant at his/her last known address, with the plaintiff's Affidavit of Compliance appended to the summons.

5. The undersigned is aware that any person instituting any action, suit or proceeding who uses Section 10-301 of the Illinois Vehicle Code to effect service of process, shall be liable for attorney's fees and costs of the defendant if the court finds that the person instituting the action knew or should have known that this section is not applicable for effecting service in such action.

The undersigned affirms, under penalties of perjury, that the facts stated herein are true.

_____   2/25/08
Signature of Affiant                Date

Subscribed before me this 25 day of February 2008.

_____
Notary Public

**OFFICIAL SEAL**
**LAURA HEBERT**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12-27-2011

Printed by authority of the State of Illinois, December 2004 — 1 — EX-3

# SUMMONS

## IN THE NAME OF THE PEOPLE IN THE STATE OF ILLINOIS, IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT.
## LAKE COUNTY, ILLINOIS

LISA ZAWACKI )
)
)
)  08L149
)
)  No. _____
Plaintiffs )
vs. )
)
JOHN DOE, Individually, and as an Agent for )
ALLIED HOLDINGS, INC. and ALLIED )
HOLDINGS, INC. d/b/a ALLIED HOLDINGS )
GROUP d/b/a ALLIED SYSTEMS d/b/a )
ALLIED SYSTEMS HOLDINGS, INC. d/b/a )
ALLIED SYSTEMS GROUP INC. d/b/a )
ALLIED SYSTEMS, INC. Defendants )
OF GEORGIA

To each of the above-named defendants:

You are hereby summoned and required to file an answer in this case, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, a judgment or decree by default may be taken against you for the relief prayed in this complaint.

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed

This summons may not be served later than 30 days after its date.

WITNESS SALLY D. COFFELT, Clerk of said Circuit Court and the seal thereof at Waukegan, Illinois, this _____ day of _____ A.D., 20_____

**FEB 20 2008**

SALLY D. COFFELT, Clerk

Plaintiff's Attorney:
(or plaintiff, if he be not represented by attorney) Pete E. Naylor
Hupy & Abraham
Address 501 North Riverside Drive, Suite 101
Telephone 866 625-2299

Date of Service: _____, 20_____
(To be inserted by officer on copy left with defendant or other person.)

171-138 Rev 8/00

## CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on the 26th day of March, 2008, we have electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF System, Defendant Allied Holdings, Inc.'s Notice of Removal, Appearance and Civil Cover Sheet, and Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic system.

Pete E. Naylor
Hupy & Abraham
501 N. Riverside Drive, Suite 101
Gurnee, IL 60031
PNaylor@mfhupy.com

                        Respectfully submitted,

                        PRETZEL & STOUFFER, CHARTERED

                        By:/s/Paul A. Ruscheinski
                        One of the Attorneys for
                        Allied Holdings, Inc.
                        Edward B. Ruff, III, Esq. ARDC # 618332
                        Paul A. Ruscheinski, Esq. ARDC # 6279731
                        One South Wacker Drive, Suite 2500
                        Chicago, Illinois 60606
                        (312) 346-1973
                        Pruscheinski@pretzel-stouffer.com