6-063815　　　　　　　　　　　　EBR/PAR/kk　　　　　　　　　　　　#25017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LISA ZAWACKI            )<br>                         )<br>　　Plaintiff,         )<br>                         )<br>                         )<br>v.                       )<br>                         )<br>JOHN DOE, Individually, and as an Agent For )<br>ALLIED HOLDINGS, INC. and ALLIED )<br>HOLDINGS, INC. d/b/a ALLIED HOLDINGS, )<br>GROUP d/b/a ALLIED SYSTEMS d/b/a )<br>ALLIED SYSTEMS HOLDINGS INC. d/b/a )<br>ALLIED SYSTEMS GROUP INC. d/b/a )<br>ALLIED SYSTEMS INC. OF GEORGIA )<br>                         )<br>　　Defendants.        ) | Federal No. 08 CV1752<br><br>Judge Jeffrey Cole |

**DEFENDANT ALLIED HOLDINGS'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)**

NOW COMES the Defendant, ALLLIED HOLDINGS, INC., by and through its attorneys, PRETZEL and STOUFFER, CHARTERED, and moves this Honorable Court pursuant to Federal Rule of Civil Procedure 12(b)(6), to enter an Order dismissing Plaintiff's Complaint, and in support of said motion, the Defendant states as follows:

　　1.　　That the Plaintiff, LISA ZAWACKI, filed her Complaint against Defendant, ALLIED HOLDINGS, INC., premised on a theory of negligence relating to a traffic accident. (See Plaintiff's Complaint attached as Exhibit "A").

　　2.　　That under Federal Rules of Civil Procedure 12(b)(6), a Defendant is entitled to a dismissal of a complaint where the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

3. Plaintiff's Complaint fails to state a claim upon which relief can be granted because Plaintiff failed to name the proper Defendant. The attached affidavit confirms that the Defendant was not involved in the occurrence referenced in Plaintiff's Complaint. (See the affidavit attached as Exhibit "B").

WHEREFORE, Defendant, ALLIED HOLDINGS, INC., respectfully requests that this Honorable Court enter an Order Dismissing Plaintiff's Complaint and also grant PRETZEL and STOUFFER, CHARTERED, leave to file an amended appearance on behalf of the appropriate party, ALLIED SYSTEMS LTD., L.P.

Respectfully submitted,

PRETZEL & STOUFFER, CHARTERED

By:/s/Paul A. Ruscheinski
One of the Attorneys for
Allied Holdings, Inc.
Edward B. Ruff, III, Esq. ARDC # 618332
Paul A. Ruscheinski, Esq. ARDC # 6279731
One South Wacker Drive, Suite 2500
Chicago, Illinois 60606
(312) 346-1973
Pruscheinski@pretzel-stouffer.com

## CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on the 9th day of July, 2008, we have electronically filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF System, Defendant Allied Holdings, Inc.'s Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6), and Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic system.

Pete E. Naylor
Hupy & Abraham
501 N. Riverside Drive, Suite 101
Gurnee, IL 60031
PNaylor@mfhupy.com

    Respectfully submitted,

    PRETZEL & STOUFFER, CHARTERED

    By:/s/Paul A. Ruscheinski
    One of the Attorneys for
    Allied Holdings, Inc.
    Edward B. Ruff, III, Esq. ARDC # 618332
    Paul A. Ruscheinski, Esq. ARDC # 6279731
    One South Wacker Drive, Suite 2500
    Chicago, Illinois 60606
    (312) 346-1973
    Pruscheinski@pretzel-stouffer.com

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
COUNTY OF LAKE

LISA ZAWACKI, )
)
Plaintiff, )
)
v. ) No.: 08L149
)
JOHN DOE, Individually, and as an Agent For )
ALLIED HOLDINGS, INC. and ALLIED )
HOLDINGS, INC. d/b/a ALLIED HOLDINGS )
GROUP d/b/a ALLIED SYSTEMS d/b/a )
ALLIED SYSTEMS HOLDINGS, INC. d/b/a )
ALLIED SYSTEMS GROUP, INC. d/b/a ALLIED )
SYSTEMS, INC. OF GEORGIA, )
)
Defendants. )

FILED FEB 20 2008

## COMPLAINT

Count I

NOW COMES the Plaintiff, LISA ZAWACKI, by her attorneys, HUPY &
ABRAHAM, and for Count I of her Complaint against the Defendant, JOHN DOE, states
as follows:

1. That the events complained of took place on or about February 22, 2006, in
Lake County, Illinois.

2. At the time of the occurrence, Plaintiff resided in Milwaukee, Wisconsin.

3. Plaintiff, LISA ZAWACKI, was traveling northbound on I-94 at mile post 77,
in the Township of New Port, located in Lake County, Illinois, when she was struck by a
vehicle owned by Defendant, ALLIED HOLDINGS, INC.

4. That Police were unable to ascertain the identity of the driver of the
aforementioned vehicle, hereinafter the driver will be referred to as "JOHN DOE".



1

5. Defendant, JOHN DOE, was also traveling northbound on I-94 at mile post 77, in the Township of New Port, located in Lake County, Illinois, when he entered the Plaintiff's lane and struck the Plaintiff.

6. Upon information and belief, Defendant was driving in the course and scope of his employment with ALLIED HOLDINGS, INC. at the time of the accident.

7. Notwithstanding his duty to keep a proper lookout for other vehicles traveling on the roadway, Defendant struck the Plaintiff's vehicle.

8. In colliding with the Plaintiff's automobile, Defendant was guilty of one or more of the following negligent acts or omissions:

a) Failed to decrease the speed of his automobile as necessary to avoid colliding with a vehicle on said roadway, in violation of Sec. 11-601 of the Illinois Vehicle Code, 625 ILCS 5/11-601.

b) Carelessly and recklessly operated said vehicle in a manner which caused a motor vehicle accident causing great bodily harm in violation of 625 ILCS 5/11-503.

c) Failed to decrease the speed of said automobile so as to avoid colliding with Plaintiff's automobile.

d) Failed to keep a proper lookout ahead for vehicles.

e) Failed to keep his automobile under safe and proper control.

f) Failed to assure that the roadway was clear before changing lanes and striking the Plaintiff.

g) Was otherwise careless and negligent.

9. As a proximate result of one or more of the acts of negligence of the Defendant, Plaintiff was injured.

10. Plaintiff, LISA ZAWACKI, suffered injuries to her head, neck, back and other parts of her body. Plaintiff has suffered from migraines and seizures. Plaintiff has endured pain and suffering in the past and will have pain and suffering in the future; Plaintiff has incurred and will incur medical expenses, all as a result of the injuries received.

WHEREFORE, Plaintiff, LISA ZAWACKI, prays for a judgment against the Defendant, JOHN DOE, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of suit.

### Count II

NOW COMES the Plaintiff, LISA ZAWACKI, by her attorneys, HUPY & ABRAHAM, and for Count II of her Complaint against the Defendant, ALLIED HOLDINGS, INC. d/b/a ALLIED HOLDINGS GROUP, INC. d/b/a ALLIED SYSTEMS d/b/a ALLIED SYSTEMS HOLDINGS, INC. d/b/a ALLIED SYSTEMS GROUP d/b/a ALLIED SYSTEMS, INC. OF GEORGIA, states as follows:

1. That the events complained of took place on or about February 22, 2006, in Lake County, Illinois.

2. At the time of the occurrence, Plaintiff resided in Milwaukee, Wisconsin.

3. Plaintiff, LISA ZAWACKI, was traveling northbound on I-94 at mile post 77, in the Township of New Port, located in Lake County, Illinois, when she was struck by a vehicle owned by Defendant, ALLIED HOLDINGS, INC.

4. That Police were unable to ascertain the identity of the driver of the aforementioned vehicle, hereinafter the driver will be referred to as "JOHN DOE"..

5. Defendant, JOHN DOE, was also traveling northbound on I-94 at mile post 77, in the Township of New Port, located in Lake County, Illinois, when he entered the Plaintiff's lane and struck the Plaintiff.

6. Upon information and belief, John Doe was driving in the course and scope of his employment with Defendant, ALLIED HOLDINGS, INC., at the time of the accident.

7. Notwithstanding his duty to keep a proper lookout for other vehicles traveling on the roadway, Defendant struck the Plaintiff's vehicle.

8. In colliding with the Plaintiff's automobile, Defendant was guilty of one or more of the following negligent acts or omissions:

a) Failed to decrease the speed of his automobile as necessary to avoid colliding with a vehicle on said roadway, in violation of Sec. 11-601 of the Illinois Vehicle Code, 625 ILCS 5/11-601.

b) Carelessly and recklessly operated said vehicle in a manner which caused a motor vehicle accident causing great bodily harm in violation of 625 ILCS 5/11-503.

c) Failed to decrease the speed of said automobile so as to avoid colliding with Plaintiff's automobile.

d) Failed to keep a proper lookout ahead for vehicles.

e) Failed to keep his automobile under safe and proper control.

f) Failed to assure that the roadway was clear before changing lanes and striking the Plaintiff.

g) Was otherwise careless and negligent.

9. As a proximate result of one or more of the acts of negligence of the Defendant, Plaintiff was injured.

10 Plaintiff, LISA ZAWACKI, suffered injuries to her head, neck, back and other parts of her body. Plaintiff has suffered from migraines and seizures. Plaintiff has endured pain and suffering in the past and will have pain and suffering in the future; Plaintiff has incurred and will incur medical expenses, all as a result of the injuries received.

WHEREFORE, Plaintiff, LISA ZAWACKI, prays for a judgment against the Defendant, ALLIED HOLDINGS, INC. d/b/a ALLIED HOLDINGS GROUP d/b/a ALLIED SYSTEMS d/b/a ALLIED SYSTEMS HOLDINGS, INC. d/b/a ALLIED SYSTEMS GROUP, INC. d/b/a ALLIED SYSTEMS, INC. OF GEORGIA, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), plus costs of suit.

LISA ZAWACKI, Plaintiff.

By: _____
Pete E. Naylor
HUPY & ABRAHAM
ATTY# 6286944

Pete E. Naylor
Attorney for Plaintiff
501 North Riverside Drive, Suite 101
Gurnee, IL 60031
(866) 625-2299
(847) 625-6318 (fax)

6-063815                    EBR/PAR/kk                    #25017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LISA ZAWACKI ) | |
| ) | |
| Plaintiff, ) | |
| ) | Federal No. 08 CV 1752 |
| ) | |
| v. ) | Judge Andersen |
| ) | |
| JOHN DOE, Individually, and as an Agent For ) | |
| ALLIED HOLDINGS, INC. and ALLIED ) | |
| HOLDINGS, INC. d/b/a ALLIED HOLDINGS, ) | |
| GROUP d/b/a ALLIED SYSTEMS d/b/a ) | |
| ALLIED SYSTEMS HOLDINGS INC. d/b/a ) | |
| ALLIED SYSTEMS GROUP INC. d/b/a ) | |
| ALLIED SYSTEMS INC. OF GEORGIA ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT

I, Scott Macaulay, being first duly sworn under oath, state that I have personal knowledge of the following facts and if called upon to testify in this matter, I would competently testify as follows:

1. I am Vice President and Treasurer of Allied Systems Holdings, Inc.

2. Allied Systems Holdings, Inc. was incorporated on May 8, 2007.

3. On or about May 29, 2007, Allied Holdings, Inc. was merged into Allied Systems Holdings, Inc. and out of existence; as such, Allied Systems Holdings, Inc. is the successor-in-interest to Allied Holdings, Inc.

4. Prior to the merger of Allied Systems Holdings, Inc. and Allied Holdings, Inc., I served as Vice President and Treasurer of Allied Holdings, Inc.

5. I am aware that the Plaintiff in this case filed a Complaint naming as defendants Allied Holdings, Inc. and Allied Holdings, Inc. d/b/a Allied Holdings Group d/b/a Allied Systems d/b/a Allied Systems Holdings, Inc. d/b/a Allied Systems Group, Inc. d/b/a Allied Systems Inc. of Georgia.

1


EXHIBIT B

6. As an officer of both entities, I am familiar with the corporate structure and operations of Allied Systems Holdings, Inc., and of Allied Holdings, Inc. on February 22, 2006.

7. On February 22, 2006, Allied Holdings Group was not owned or operated, either directly or indirectly, by Allied Holdings, Inc., nor was Allied Holdings, Inc. doing business as "Allied Holdings Group" on that date.

8. On February 22, 2006, Allied Systems was not owned or operated, either directly or indirectly, by Allied Holdings, Inc., nor was Allied Holdings, Inc. doing business as "Allied Systems" on that date.

9. On February 22, 2006, Allied Systems Holdings, Inc. was not owned or operated, either directly or indirectly, by Allied Holdings, Inc., nor was Allied Holdings, Inc. doing business as "Allied Systems Holdings, Inc." on that date.

10. On February 22, 2006, Allied Systems Group, Inc. was not owned or operated, either directly or indirectly, by Allied Holdings, Inc., nor was Allied Holdings, Inc. doing business as "Allied Systems Group, Inc." on that date.

11. On February 22, 2006, Allied Systems Inc. of Georgia was not owned or operated, either directly or indirectly, by Allied Holdings, Inc., nor was Allied Holdings, Inc. doing business as "Allied Systems Inc. of Georgia" on that date.

12. On February 22, 2006, neither Allied Holdings, Inc. nor Allied Systems Holdings, Inc. owned or operated any trucks or trailers.

12. Without admitting any fault or liability relating to Plaintiff's Complaint, to the extent that any entity affiliated with Allied Holdings, Inc. and/or Allied Systems Holdings, Inc. is a proper party to this action, that entity is Allied Systems Ltd. (L.P.), a Georgia limited partnership.

FURTHER AFFIANT SAYETH NAUGHT

_____

Subscribed and sworn before me this 8th day of July, 2008

_____
Notary Public

NOTARY PUBLIC, DEKALB COUNTY, GEORGIA
MY COMMISSION EXPIRES AUG 20, 2009

Under penalties provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*[signature]*

3